# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7393 | **DATE** | 4/20/2004 |
| **CASE TITLE** | United States of America vs. Melvin Mays | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, Melvin Mays' section 2255 motion [#1] is denied. Judgment entered in favor of the United States.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 21 2004 date docketed | 16 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/20/2004 date mailed notice | |
| MD | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 APR 20 PM 5:33 Date/time received in central Clerk's Office | MD mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 2 1 2004

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 02 C 7393 |
| | ) | Judge Joan H. Lefkow |
| MELVIN MAYS | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Melvin Mays, a member of the El Rukn street gang in Chicago, was indicted along with several co-defendants on federal drug conspiracy and racketeering charges in 1989. Some co-defendants were tried by a jury in 1991 and found guilty. Because of prosecutorial misconduct, however, the trial judge ordered a new trial. Mays was a fugitive at the time of the first trial, but was apprehended and was a defendant at the second trial in 1996. Mays was convicted and sentenced to life for narcotics conspiracy under 21 U.S.C. § 846 and racketeering conspiracy under 18 U.S.C. § 1962(d). His conviction and sentence were affirmed on appeal, *United States v. Boyd*, 208 F.3d 638 (7th Cir. 2000), but the United States Supreme Court granted *certiorari* and remanded the case for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Boyd v. United States*, 531 U.S. 1135 (2001). On remand, the Seventh Circuit reaffirmed the judgment. *United States v. Green*, 6 Fed. Appx. 377 (7th Cir. 2001)(unpublished). The Supreme Court denied a second petition for *certiorari* on October 9, 2001. *Green v. United States*, 122 S.Ct. 382 (2001).

Mays has now filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. In his motion, he raises six claims. Claim 1 is a double jeopardy claim. Mays argues that the charge of narcotics conspiracy is a lesser included offense in the charge of racketeering conspiracy. Consequently, he argues, his life sentence for narcotics conspiracy constitutes cumulative punishment in violation of the double jeopardy clause of the Fifth Amendment. Claim 2 concerns a sentencing-related error. Though Mays was charged with a

16

multi-drug conspiracy, the jury returned a general verdict of guilty on that charge without making any finding as to the type and quantity of drugs involved in the conspiracy. Mays argues that the trial judge erred by imposing a sentence on the narcotics conspiracy conviction that exceeded the statutory maximum penalty for the least serious drug offense for which the jury might have found Mays guilty. Claim 3 carries the same issue to the RICO conviction; a life sentence was available on the RICO charge only if it was based on a predicate criminal act that carried a possible life term. Because a life sentence was inappropriate for the narcotics conspiracy charge, Mays argues, it was *a fortiori* inappropriate for the RICO charge. Claim 4 involves the government's use of duplicate tape recordings at Mays' trial. Mays alleges that the tapes were tampered with and has requested to have them produced for comparison with the original tapes. Claim 5 is based on ineffective assistance of counsel. Specifically, Mays contends that his counsel rendered ineffective assistance at trial and on direct appeal by failing to raise three of the first four substantive issues raised in the instant motion (the general verdict claims and the tape tampering claims) and by failing to provide adequate representation before the Seventh Circuit on remand from the Supreme Court. Finally, in Claim 6, Mays contends that his counsel rendered ineffective assistance during his trial by failing to call available witnesses who, he says, would have bolstered Mays' claim that he withdrew from the conspiracy prior to legislative reforms that increased the maximum penalty for those offenses from thirty years to life.

In *United States* v. *Knox*, Judge Kennelly ruled on an identical section 2255 motion[1] by one of Mays' co-defendants, Sammy Knox. Judge Kennelly denied Knox's motion with respect to claims 1, 4, and 6. Judge Kennelly also denied Knox's motion as to that portion of claim 5 dealing with the tape tampering claims. However, he ordered an evidentiary hearing on claims 2 and 3 of Knox's motion, as well as claim 5 to the extent it involved Knox's prior counsel's failure to raise the points covered in claims 2 and 3. No. 02 C 7392, 2003 WL 22012680, at *5

---

[1] Not only are the motions identical, but they were filed on the same day and were both postmarked Leavenworth USP.

2

(N.D. Ill. Aug. 26, 2003). The government moved to reconsider the court's ruling, but the court deferred ruling on that motion until after the evidentiary hearing. Following the hearing, Judge Kennelly granted the government's motion to reconsider and dismissed all of Knox's remaining claims. Judge Kennelly did not dismiss the remaining claims because the evidentiary hearing failed to reveal evidence supporting Knox's claim, but rather because Judge Kennelly concluded that he had erred in stating that harmless error analysis does not apply to the claims raised by Knox in claims 2,3, and 5. *United States* v. *Knox*, No. 03 C 7392, 2004 WL 442629, at *4 (N.D. Ill. March 9, 2004).

The court finds Judge Kennelly's reasoning persuasive. Therefore, this court adopts Judge Kennelly's reasoning in the August 26, 2003 motion as to Mays' claims 1, 4, 6, and that portion of claim 5 dealing with the tape tampering claim. Further, the court adopts Judge Kennelly's reasoning in the March 9, 2004 ruling on the government's motion to reconsider as to the remaining claims.

## CONCLUSION

For the foregoing reasons, Mays' section 2255 motion is denied [#1]. The Clerk is directed to enter judgment in favor of the United States. Case is terminated.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 20, 2004

3