Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7393 | **DATE** | 8/17/2004 |
| **CASE TITLE** | USA vs. Melvin Mays | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, Melvin Mays' motion for certificate of appealability [#18-19] is granted as to the *Orozco-Prada* issue and denied as to the withdrawal issue.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 18 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 8/17/2004 date mailed notice | |
| MD | courtroom deputy's initials | 2004 AUG 17 PM 5:52 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 02 C 7393 |
| | ) | Judge Joan H. Lefkow |
| MELVIN MAYS | ) | |
| | ) | |

DOCKETED AUG 18 2004

## MEMORANDUM OPINION AND ORDER

Melvin Mays ("Mays") has moved for a certificate of appealability ("COA") from the April 20, 2004 denial of his motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. Mays raised six claims in his § 2255 motion. He seeks a COA on two of those claims: his claim of ineffective assistance of counsel based on counsel's failure to raise the multiple-object conspiracy maximum-sentence issue (the *Orozco-Prada* issue) and his claim of ineffective assistance of counsel based on counsel's failure to call a witness who would have testified that Mays withdrew from the narcotics and racketeering conspiracies prior to legislative reforms that increased the maximum penalty for those offenses from twenty years to life (the withdrawal issue). Mays' motion is granted as to the *Orozco-Prada* issue and denied as to the withdrawal issue.



## DISCUSSION

Mays is entitled to a COA only if he can make a substantial showing of a denial of a constitutional right. *See Miller-El* v. *Cockrell*, 537 U.S. 322, 327 (2003). Under this standard Mays must demonstrate that reasonable jurists would find this court's assessment of his claims debatable or wrong. *See id.*

1. The *Orozco-Prada* Issue

Mays was charged and convicted of a conspiracy to distribute multiple drugs: heroin, cocaine, marijuana, amphetamines, codeine syrup, and Talwin and Triplenamine. The jury returned a general verdict of guilty on that charge without making any findings as to the type and quantity of drugs involved in the conspiracy. He was sentenced to life. In his § 2255 motion, Mays argued that under *United States* v. *Orozco-Prada*, 732 F.2d 1076 (2nd Cir. 1984), and its progeny, the trial judge was precluded from imposing a sentence for narcotics conspiracy greater than the two-year maximum sentence that could have been imposed for conspiracy to distribute the least serious drug involved in the charged conspiracy: codeine syrup, a Schedule V controlled substance (Claim 2). Mays also argued that a life sentence for the racketeering conspiracy was improper because RICO permits a life sentence only if the penalty for one of the underlying racketeering acts is life imprisonment, which would not be the case had he been sentenced at the two-year maximum for conspiracy to distribute codeine syrup (Claim 3). Mays argued that his trial and appellate counsel were ineffective for failing to raise these issues (Claim 5).

In denying Mays' § 2255 motion, this court relied on Judge Kennelly's opinion in *United States* v. *Knox*, No. 03 C 7392, 2004 WL 442629 (N.D. Ill. March 9, 2004), a ruling on an identical § 2255 motion by one of Mays' co-defendants, Sammy Knox. In *Knox*, Judge Kennelly

2

held that Knox's sentence violated the rule of *Orozco-Prada*, but that *Orozco-Prada* errors were subject to harmless error review. When applying harmless error review, a court must determine whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty [of conspiring to distribute a substance that carried a life term] absent the error." *Neder v. United States*, 521 U.S. 1, 18 (1999). As Judge Kennelly pointed out, this is exactly what the Seventh Circuit decided on remand in Knox's and Mays' case. Specifically, the court found that "the evidence shows beyond any possible doubt that [Knox and Mays] were responsible for such a large quantity of drugs that had the jury been correctly instructed, it would have found [them] guilty beyond a reasonable doubt of the offenses for which they were sentenced." *United States v. Green*, Nos. 98-2036, 98-2037, 98-2038, 98-2060, 2001 WL 338109, at *1 (7th Cir. Apr. 3, 2001)(unpublished decision). For this reason, this court held that Mays had not shown the type of prejudice needed to establish his ineffective assistance claim – a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

However, at least two circuits, the Second and the Eleventh, have held that *Orozco-Prada* errors are not the subject of harmless error review. *United States v. Allen*, 302 F.3d 1260, 1276 (11th Cir. 2002); *United States v. Zilligit*, 286 F.3d 128, 139-40 (2nd Cir. 2002). Because the Seventh Circuit has yet to decide the issue, the court grants Mays' motion for a COA on the *Orozco-Prada* issue.[1]

2. The Withdrawal Issue

In Claim 6 of his § 2255 motion, Mays' argued that his counsel was ineffective based on

---

[1] Judge Kennelly also granted Knox's motion for a COA on this issue. *See* Order of March 31, 2004.

3

counsel's failure to call at sentencing a witness who would have testified that Mays withdrew from the conspiracies prior to November 1987, when statutory changes took effect that increased the maximum penalties for those offenses from 20 years to life. Mays submitted an undated affidavit from Jamil Wright, a former member of the El Rukn street gang, who states that Mays "separated himself" from the organization "early in 1985." Mays claims that "1985" is a typographical error and should read "1987," but he has not submitted an affidavit from Wright verifying the alleged typographical error.

Even assuming, however, that Wright's undated affidavit is proper, Mays' cannot make the required showing of prejudice. During his sentencing hearing, Mays argued that he withdrew from the conspiracy when he became a fugitive from justice, an argument that the Seventh Circuit accurately described as "border[ing] on the frivolous." *United States* v. *Boyd*, 208 F.3d 638, 648 (7th Cir. 2000). The sentencing judge flatly rejected Mays' argument, stating "the rule is not that you're out of the conspiracy when you flee from the police. The rule is that you have to withdraw within the legal meaning of withdrawal. And running away and doing nothing is not withdrawal." Sentencing Hearing Transcript, April 8, 1998, at 9. The sentencing judge dismissed the testimony of McAnderson, who "thought that Mays had withdrawn," by pointing out that "McAnderson's conclusion is not a legal one and, so far as I read the testimony, does not demonstrate that Mays had even agreed with that non-legal conclusion." *Id.* The sentencing judge also dismissed El Rukn leader Jeff Fort's claim that Mays' failure to "face the legal proceeding before you" constituted withdrawal from the gang, holding that Fort's statement "seeks . . . to redefine the legal definition of withdrawal." *Id.* at 10. Given the basis for the sentencing judge's decision, the testimony of a single El Rukn member who would have testified

4

that Mays "told me that he was no longer a member" of the conspiracy would not have affected the result of the proceeding. Thus, the court denies Mays' request for a COA on the withdrawal issue.

## CONCLUSION

For the foregoing reasons, Mays' motion for a certificate of appealability [## 18-19] is granted as to the *Orozco-Prada* issue and denied as to the withdrawal issue.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: August 17, 2004